# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH ANTONETTI,

    Petitioner,

vs.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 3:11-CV-00157-ECR-(WGC)

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#4), respondents' motion to dismiss (#8), and petitioner's opposition (#15). The court finds that petitioner has not exhausted his available remedies in the state courts, and the court grants the motion.

    In the Eighth Judicial District Court of the State of Nevada, petitioner was charged with: (1) Attempted murder of Suzanne Smith with the use of a deadly weapon, on November 5, 2002; (2) possession of a firearm by an ex-felon, on November 5, 2002; (3) murder of Mary Amina with the use of a deadly weapon, on December 1, 2002; (4) attempted murder of Daniel Stewart with the use of a deadly weapon, on December 1, 2002; and (5) possession of a firearm by an ex-felon, on December 1, 2002. Ex. 6 (#9).[1]

    The state district court severed the counts by date. Ex. 16, pp. 13-14 (#9). All trials and subsequent district-court proceedings have occurred in one case, State v. Antonetti, 02C188823.

---

[1] Originally, there were two separate cases, one for each date, and then they were consolidated. See Ex. 2, Ex. 4 (#9).

Petitioner first went to trial on the counts that occurred on December 1, 2002. The jury found him guilty, and petitioner was convicted on all three counts. Ex. 29 (#11) ("Amina/Stewart judgment"). Petitioner next went to trial for the attempted murder of Suzanne Smith.[2] The jury found petitioner guilty and he was convicted of that count. Ex. 44 (#12) ("Amended Smith judgment").[3] Petitioner appealed both judgments of conviction, and the Nevada Supreme Court affirmed. Ex. 49, 50 (#12).

Petitioner then commenced state-court post-conviction proceedings. On October 23, 2006, he filed a habeas corpus petition and a supporting memorandum that challenged the Amina/Stewart judgment. Ex. 53, 54 (#12). The state district court appointed counsel to represent petitioner. On September 23, 2008, petitioner filed a habeas corpus petition and a supporting memorandum that challenged the amended Smith judgment. Ex. 54a, 54b (#12). The state district court denied the 2008 petition because petitioner did not include notice of the 2006 petition pursuant to Nev. Rev. Stat. § 34.810(4), because petitioner was represented by counsel, and because petitioner did not serve the 2008 petition upon the district attorney. Ex. 55 (#12). Petitioner appealed. The Nevada Supreme Court held:

> Based upon our review of the record on appeal, we conclude that the district court erred in denying appellant's petition. The district court may not resolve a second or successive petition without first entering an order regarding the first petition. Further, the failure to serve a copy of the petition on the district attorney's office is a curable defect. . . . Finally, the fact of the bifurcated trials appears to be the reason for two petitions, and thus, the district court's reliance on NRS 34.810(4) is misplaced in the instant case. The 2008 petition contains a statement that it relates to the charge and trial involving Suzanne Smith whereas the 2006 petition appeared to relate to the first trial involving the offenses against Daniel Stewart and Mary Amina. In view of these circumstances, we reverse the denial of the 2008 petition and remand for the district court to consider the 2008 petition after the resolution of the first petition.

Ex. 57, pp. 3-4 (citations and footnotes omitted) (#12). Back in the state district court, petitioner's counsel has filed a motion to place the 2006 petition onto the calendar. The district court set a briefing schedule that culminates with a hearing on January 23, 2012. State v. Antonetti,

---

[2]The firearm-possession count for November 5, 2002 appears to have been dropped. See Ex. 32 (supplemental indictment), Ex. 35 (second supplemental indictment) (#11).

[3]The initial Smith judgment of conviction was actually a copy of the Amina/Stewart judgment. Ex. 40 (#12). The Nevada Supreme Court directed the district court to review the record and to enter an accurate judgment if necessary. Ex. 43 (#12). The district court then entered the amended Smith judgment. Ex. 44 (#12).

1   02C188823, https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=7495057
2   (report generated December 29, 2011).
3       Petitioner has commenced federal habeas corpus proceedings. The petition (#4) filed in this
4   action is a copy of the memorandum supporting the 2006 state habeas corpus petition, interleaved
5   with pages from this court's petition form. The petition (#4) challenges the Amina/Stewart
6   judgment. See Ex. 54 (#12). Petitioner also has submitted another habeas corpus petition that
7   challenges the amended Smith Judgment. See Antonetti v. Neven, 3:11-CV-00451-RCJ-(WGC).
8       Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must
9   exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a
10  petitioner must fairly present that ground to the state's highest court, describing the operative facts
11  and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan
12  v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).
13      The petition (#4) is not exhausted. In state court, the 2006 petition is still pending. Even if
14  the state courts have denied on direct appeal some of the grounds that petitioner raises in the petition
15  (#4), the possibility of relief in the state post-conviction proceedings would make the petition moot.
16  Consequently, the petition (#4) is premature and unexhausted. See Sherwood v. Tomkins, 716 F.2d
17  632, 634 (9th Cir. 1983).
18      The court is not persuaded by petitioner's argument that the delay in state court makes the
19  exhaustion requirement futile. See Coe v. Thurman, 922 F.2d 528, 530-31 (9th Cir. 1990)
20  (petitioner need not exhaust state remedies if delay in state court is excessive). First, as noted
21  above, the state district court has established a briefing schedule and has set a hearing on the
22  petition. Second, the court has reviewed the on-line minutes of the state district court. While the
23  2006 petition has been pending for more than five years, much of that time was due to requests for
24  continuations by petitioner's counsel. There is no lengthy period of inactivity that would lead this
25  court to conclude that excessive delay existed in the state court.
26      Respondents present four other points of argument why the court should dismiss all or part
27  of the petition (#4). Because the court is dismissing the petition as premature and unexhausted, the
28  court will not address those other arguments.

1    Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the
2 court will not issue a certificate of appealability.
3    Petitioner has submitted two motions for the production of transcripts (#14, #18) of a
4 hearing in state district court on January 10, 2007.  These motions are moot because the court is
5 dismissing the action.
6    Petitioner has submitted a request (#17) that the court send him a copy of the petition (#4).
7 The request is moot because the court sent him a copy on April 22, 2011.
8    IT IS THEREFORE ORDERED that petitioner's motions for the production of transcripts
9 (#14, #18) are **DENIED** as moot.
10    IT IS FURTHER ORDERED that petitioner's request for a copy of the petition (#17) is
11 **DENIED** as moot.
12    IT IS FURTHER ORDERED that respondents' motion to dismiss (#8) is **GRANTED**.  This
13 action is **DISMISSED** without prejudice for petitioner's failure to exhaust his available remedies in
14 the state courts.  The clerk of the court shall enter judgment accordingly.
15    IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.
16    DATED:   December 30, 2011.

_____
EDWARD C. REED
United States District Judge